AO106(Rev.5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

THE PREMISES OF
3718 ELY PLACE, SE, #201
WASHINGTON, DC 20019

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

CASE NUMBER:

(Further described below)

I    MAREK M. SOLKA    being duly sworn depose and say:

I am a(n)    Special Agent with the United States Air Force Office of Special Investigations    and have reason to believe
          (Official Title)
that ☐ on the person of or ☒ on the property or premises known as   (name, description and or location)
3718 Ely Place, SE, #201, Washington, DC 20019, as further described in the affidavit which is attached hereto and is incorporated by reference

there is now concealed a certain person or property, namely (describe the person or property to be searched)
**contents more fully described in ATTACHMENT B, which is attached hereto and is incorporated by reference**

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)
**evidence, fruits, and instrumentalities of the crimes**

concerning a violation of Title   18   United States Code, Section(s)  §§ 641, 654   . The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.    ☒ YES   ☐ NO

DONNELL W. TURNER
Federal Major Crimes Section
(202) 305-1419

Signature of Affiant
Marek M. Solka, Special Agent
United States Air Force Office of Special Investigations

Sworn to before me, and subscribed in my presence

                                                                 at Washington, D.C.

Date

Name and Title of Judicial Officer                Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF SEARCH AND SEIZURE WARRANT

I, Marek M. Solka, a Special Agent of the United States Air Force Office of Special Investigations, being duly sworn, do depose and state as follows:

1. I am a Special Agent with the United States Air Force Office of Special Investigations ("AFOSI") assigned to the Washington Field Office, at Andrews Air Force Base ("AFB"), Maryland. I have been a Special Agent with AFOSI since May 2006. I am currently assigned to 33 Field Investigative Squadron, Washington Field Office. My responsibilities include investigating major criminal violations of military personnel and civilians working for or contracted by the United States Air Force. I graduated from the Federal Law Enforcement Training Center's Criminal Investigator Training Program, and the United States Air Force Special Investigations Academy's Basic Special Investigator's Course, in Glynco, Georgia, in May 2006.

2. Prior to becoming a Special Agent in AFOSI, I served in the United States Air Force for over 13 years. As a non-commissioned officer, I was placed in charge of the Health and Wellness Center at Patrick AFB, Florida, and at Vandenberg AFB, California. In this capacity, I was entrusted with the allocation of government funds, and I ensured that the Health and Wellness Center possessed the necessary supplies and equipment from approved sources to effectively manage daily operations.

3. The information contained in this Affidavit is based on my training, experience, and participation in other financial investigations involving fraudulent criminal activities, as well as information gathered during the instant investigation from civilians and law enforcement officers.

4.      The information contained in this Affidavit is based upon my personal knowledge, information received from records, documents, and other physical evidence obtained during this investigation, as well as information conveyed to me by other law enforcement officials. It does not include each and every fact known to the government, but only those necessary to support a finding of probable cause.

5.      The ongoing investigation by AFOSI has developed probable cause to believe that Herman E. Palmer (hereinafter referred to as "the defendant"), a civilian who is employed by the 11th Services Squadron, at Bolling AFB, within the District of Columbia, has committed violations under Title 18, United States Code, Sections 641 (theft of government property) and 654 (government employee converting property of another), as well as probable cause to believe that the places described in the attachments to this Affidavit contain evidence and/or instrumentalities of these offenses, which may be seized pursuant to the warrant that this Affidavit supports.

6.      This Affidavit is being submitted in support of a search warrant for locations within the District of Columbia, and the District of Maryland, and seeks authorization to seize evidence of the aforementioned offenses, including tangible property purchased through and constituting evidence of the aforementioned violations, and receipts, invoices, and other documents containing evidence of these violations. The locations to be searched and their relationship to the defendant are described below and are more fully identified in the attachments to this Affidavit applying to each location:

**District of Columbia Location**:

3718 Ely Place, S.E., Apartment 201, Washington, D.C. 20019 -- the personal residence of the defendant, HERMAN PALMER, who, as described more fully

> below, held a GPC and purchased thousands of dollars worth of in personal items without authorization using his government-issued GPC;
>
> **District of Maryland Location**:
>
> > 2227 Hope Circle, Waldorf, Maryland 20601 -- the listed residence of TRAVIS GARDNER, who, as described more fully below, was named on retail store receipts and invoices as the recipient of several pieces of furniture purchased by the defendant without authorization using his government-issued GPC, on or about August 26, 2006.

7. Attachments A1 and A2 describe the locations to be searched. Attachment A1 describes the location within the District of Columbia, and Attachment A2 describes the location within the District of Maryland. All statements made in Attachment A1 and A2 are adopted into the body of this Affidavit as if fully set forth herein.

8. Attachment B describes the matters and things to be searched at the residential locations within the District of Columbia and the District of Maryland as described in Attachments A1 and A2. All statements made in Attachment B are adopted into the body of this Affidavit as if fully set forth herein.

## BACKGROUND AND EVIDENCE OF VIOLATIONS

9. The General Services Administration (GSA) has awarded a multiple award schedule contract for U.S. Government commercial purchase card services. The contractor provides commercial Government Purchase Cards ("GPC") and associated services to military members and federal civilian employees (hereinafter referred to as "GPC account holders" or "account holders") to make official purchases on behalf of the government. The United States Air Force's GPC program is a component of the Government-wide commercial purchase card services

program, and has been implemented to streamline government procurements by providing a convenient and efficient means of making small purchases. The use of the GPC constitutes expenditure of appropriated funds and is limited to official authorized transactions only. The GPC may be used to purchase authorized supplies, equipment, and non-personal services.

10. GPC account holders are required by U.S. Air Force regulation to procure supplies, equipment non-personal services from the following designated vendors: Javits Wagner-O'Day, National Institute for the Blind, AFWay, Defense Automated Printing Service, General Services Administration, and Federal Supply Schedules. Account holders must purchase the supplies by regularly rotating the vendors from which they make purchases, in order to prevent repetitive purchases from the same vendor. Before making a purchase, an account holder must obtain a reasonable price through research and price competition. Account holders are required to obtain prices from at least three different vendors for the same item. Whenever practicable, account holders are encouraged to use small businesses from which to make purchases in the event that supplies or equipment are not available through designated vendors. If an item needed is not available for purchase or the purchase price of the item is significantly greater than items sold by designated vendors, account holders may purchase these items from other vendors, which are typically accessible to the public (*i.e.*, Wal Mart, K-Mart, Office Depot, Staples, Target, Best Buy, etc.).

11. Account holders are prohibited from using their GPC to purchase the following items and services:

   a. Cash advances, including money orders, gift cards, and traveler's checks;

   b. Travel-related purchases, including travel tickets, vehicle rentals, and vehicle leases;

      c.      Gifts, including include food and drinks for organizational functions;

      d.      Entertainment, including food, drinks, party supplies, and serving materials; and

      e.      Utility services, including electric, gas, water, phone, waste removal and cable TV services.

12. After making an authorized purchase, GPC account holders must enter all items purchased into the Customer Automation & Reporting Environment computer transaction log (hereinafter referred to as "CARE transaction log"), and he or she must annotate the location on base grounds (*i.e.*, Library, Outdoor Recreation Center) for which the item was purchased. Account holders are also required to save all original documentation from all transactions made, and to provide copies of such documentation to an approving official whose responsibility it is to reconcile the account holder's purchases with the items that are received by various sections on base grounds.

13. The defendant has been employed as a federal civilian employee for the U.S. Air Force 11th Services Squadron, at Bolling AFB, located within the District of Columbia, since January 2001. In January 2003, the defendant was entrusted with the responsibility of making authorized purchases of supplies and equipment on behalf of various sections of Bolling AFB and, consequently, was given a GPC. In preparation for his duties, the defendant received GPC training regarding the authorized and unauthorized purchase of supplies, equipment, and goods on behalf of various sections of Bolling AFB.

14. On or about January 19, 2007, Anthony Sanders, a Resource Advisor at the 11th Services Squadron, Bolling AFB, decided to conduct a routine reconciliation of the 11th Services Squadron's GPC account holders and requested the CARE transaction logs and purchase receipts

5

from GPC account holders. The defendant did not submit these records, therefore Sanders obtained the store receipts from the defendant's desk and began comparing them with CARE transaction logs for the month of December 2006. The records revealed that the defendant had used his GPC to make several purchases from commercial retailers that were not designated by the GPC program and also with which Sanders was unfamiliar as having been used in the past by GPC account holders to obtain supplies and equipment on behalf of Bolling AFB. One such retailer was IFR*Deep Discount DVD (hereinafter referred to as "IFR"). Sanders discovered that the defendant had used his GPC to purchase numerous DVDs of popular television shows and movies from IFR, without authorization. Further, upon speaking with an IFR representative by telephone, Sanders learned that the defendant had spent approximately $2,500 on purchases from the company, and that all the DVDs had been shipped to his District of Columbia residence at 3718 Ely Place, S.E., Apartment 201, Washington, D.C. 20019. During this same conversation, the company representative referred to the defendant as a "good customer." In addition, Sanders reviewed the defendant's CARE transaction logs and saw that the defendant had annotated that the DVDs had been purchased for the Bolling AFB library, when, in fact, they had not.

15. Sanders's review of the defendant's purchase receipts also disclosed that a payment to Comcast Cable Company had been made in the amount of $211.52, using the GPC issued to the defendant. Investigation revealed that the account to which the payment made using the defendant's GPC was a personal account in the defendant's name and that the address associated with the account was the defendant's District of Columbia residence.

16. On or about January 19, 2007, during a review of the defendant's CARE transaction logs, Sanders learned that the defendant had also used his government-issued GPC to make numerous

unauthorized purchases of merchandise from several commercial retail stores located in and around the District of Columbia and its suburbs, including: Target Department Stores; Walmart Department Store; K-Mart Department Store; Office Depot Department Store; and Staples Department Stores. Sanders further learned that the defendant had also made unauthorized Internet purchases from Barnesandnoble.com, Overstock.com, and Deepdiscountdvd.com, and that, with regard to the online purchases, the defendant had made annotations in the CARE transaction logs indicating that he had made these purchases on behalf of the Bolling AFB Library, Outdoor Recreation Center, and Accounting Office. Further inquiry disclosed, however, that none of these AFB sites had given any such authorization to the defendant. In addition, the merchandise obtained from these online purchases was never received by any of these base sites. Subsequently, Sanders referred his findings regarding the defendant's unauthorized use of his GPC to AFOSI, for further investigation.

17.    On or about January 29, 2007, AFOSI obtained the defendant's CARE transaction logs and store receipts from between on or about January 26, 2005, through on or about February 28, 2007. Your affiant's review of these logs and store receipts disclosed that the defendant had used his GPC to make numerous unauthorized purchases of merchandise from various commercial retail stores between in or about October 2005, through in or about January 2007. Specifically, these records reflected that from between on or about April 2006, through on or about December 2006, the defendant purchased merchandise from various Target Department Stores which totaled approximately $11,391.89. These purchases include, but are not limited to, food, clothing, household cleaning products, gift cards, DVDs, music compact discs, digital cameras, and a Microsoft X-Box game. In addition, the records show that the defendant purchased numerous items of merchandise from Wal-Mart Department Store, located in Bowie,

7

Maryland, between on or about May 2006, and October 2006, including, but not limited to, food, clothing, DVDs, music compact discs, and furniture, totaling approximately $ 3,111.68.  Records further reflect that the defendant used his government-issued GPC to purchase, without authorization, numerous items of merchandise from a) Office Depot, located in Largo, Maryland, between on or about June 2006, through on or about January 2007, including, but not limited to, gift cards, televisions, and portable fans; b) various Staples Department Stores between on or about December 2005, through on or about December 2006, including, but not limited to, televisions, digital cameras, video equipment, product extended warranty protection plans, DVDs, gift cards, appliances, and portable fans; c) Auto Zone, located in Seat Pleasant, Maryland, between on or about April 2006, through on or about May 2006, including, but not limited to, automobile engine oil, antifreeze, and brake fluid; d) U-Haul Center, located in Capitol Heights, Maryland, between on or about April 2006, through on or about August 2006, storage rental and insurance; e) Best Buy, located in Alexandria, Virginia, on or about May 25, 2006, including a television set costing $584.99; f) Radio Shack, located in Oxon Hill, Maryland, between on or about October 2005, through on or about December 2005, including an antenna and a "Camera Mate" video player; and g) various Home Depot locations between on or about April 2006, through June 2006, including, but not limited to, lamps, portable fans, and floor tile.

18.     Your affiant has further reviewed the defendant's CARE transaction logs and store receipts and found that the defendant used his government-issued GPC on four separate occasions to purchase furniture from Nationwide Warehouse in Capitol Heights, Maryland, from between on or about May 12, 2006, through on or about August 26, 2006.  Store receipts and invoices further reflect that several pieces of furniture, including two mattress sets, a bed frame,

and a sectional sofa, were delivered directly to the defendant's residence, and a five-piece dining room set was delivered directly to the residence of Travis Gardner at 2227 Hope Circle, Waldorf, Maryland 20601. The total amount of the furniture purchased by the defendant from Nationwide Warehouse for personal use was totaled approximately $2,015.

19.     Further analysis of the defendant's CARE transaction logs revealed that, between on or about October 17, 2006, and on or about December 11, 2006, the defendant made unauthorized personal charges at online retailer Overstock.com, for numerous boxed DVD sets titled "Dragon Ball," totaling approximately $196, and for a Kenneth Cole Reaction men's extra-large leather jacket priced at $140.99. As reflected in the receipt for the purchase of the jacket, it also was to be delivered to the defendant's residence.

20.     Your affiant has reviewed the CARE transaction logs and store receipts pertaining to the defendant's purchases between on or about January 2005, through on or about February 2007, and has determined that the amount of unauthorized purchased made by the defendant using his government-issued GPC totaled approximately $38,187.93. Further, as a result of the investigation and based upon your affiant's training and experience, it is believed that many of these items purchased by the defendant without authorization can be positively identified through a comparison of the CARE transaction logs and store receipts, with the serial numbers and other identifying information listed on the merchandise.

21.     On or about May 21, 2007, your affiant verified with the 11th Services Squadron, Bolling AFB, that the defendant is still employed by the 11th Services Squadron, and that he still lists his residence as the target premises.

## PROBABLE CAUSE

22.     In your affiant's training and experience, merchandise purchased by individuals without authorization through the use of government-issued GPCs is frequently obtained for the offender's personal use, and is stored in the offender's residence.  In addition, your affiant knows that fraudulently-obtained merchandise such as electronic equipment, clothing, furniture, and household appliances are frequently retained by the offender for extended periods of time.

23.     Your affiant submits that there is probable cause to believe that evidence relating to unauthorized purchases made by the defendant using his government-issued GPC will be found inside the target premises, including the following evidence:  television sets, digital cameras, video games, DVDs, furniture, appliances, CDs, and clothing.  This evidence is more fully described in Attachment 2 of this Affidavit.

_____
MAREK M. SOLKA
SPECIAL AGENT, United States Air Force
Office of Special Investigations


Subscribed and sworn to before me this _____ day of MAY, 2007.


_____
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT A1

DESCRIPTION OF PLACE TO BE SEARCHED

**3718 Ely Place, S.E., Apt. # 201
Washington, D.C. 20019**

The premises located at 3718 Ely Place, S.E., Apt. #201, Washington, D.C. 20019, is described as the second-floor apartment of a two-story, red brick apartment building. The main entrance to the apartment building is a single glass door located in the center of the building. The entrance frame is white, centered on the right side of the frame is a gray call box. The building number "3718" is located to the right of the door and door frame and the call box. The numbers are white, attached to the red brick wall, between the door frame and the first story apartment window. The main entrance to the building was locked; in order to enter the building you must have a key or be allowed access by a tenant in the building.

ATTACHMENT A2

DESCRIPTION OF PLACE TO BE SEARCHED

**2227 Hope Circle
Waldorf, MD 20601**

The premises located at 2227 Hope Circle, Waldorf, Maryland 20601, is described as a two-story building with the bottom half made of red brick stucco and the upper half made of tan siding.  Making the right turn (North) from Holly Tree Lane onto Hope Circle, the building is located on the right side of the road.  It is the second building on the right hand side.  The entryway for building number "2227" is located between residence numbers "2225"and "2229."  The door to the residence is white with a white door frame surrounding around it and the number "2227" is in black letters and is positioned on the top portion of the door frame above the entryway and below the decorative triangle.  On the first floor, there is a large double-sized vertical sliding window to the right side of the door without the shutters.  On the second floor, there are two standard-sized vertical sliding windows.  The window on the left is positioned directly above the front door and the window on the right is positioned directly above the first-story window.  Both windows are single windows, with black shutters attached on either side of them.  The rear of the building contains a small patio accessible by a single door from the inside of the residence.  There is also a double-sized vertical sliding window located to the right of the rear door.  The patio has white privacy panels separating the neighboring units.  There is no vehicle access to the rear of the building.

ATTACHMENT B

DESCRIPTION OF ITEMS TO BE SEARCHED AND SEIZED

Evidence relating to the theft of government property and to government employee conversion of the property of another, including, but not limited to, the following:

RECORDS/DOCUMENTS/MATERIALS

A.  <u>Search</u> the premises and any persons found therein for any evidence relating to unauthorized purchases made with a Government Purchase Card;

B.  <u>Search and seize</u> records, documents, receipts, and materials containing information of all transactions relating to the aforementioned offenses of Theft of Government Property and Government Employee Converting Property of Another, including all extended warranties.  The terms "records," "documents," and "materials" includes records in all forms, such as those on paper, in any photographic form, in any mechanical form including, but not limited to, any handmade form (such as writing, drawing, painting, with any implement on any surface, directly or indirectly); any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies); any mechanical form (such as tape recordings, cassettes, as well as printouts or readouts from any magnetic storage device), and any form that is stored in electronic or magnetic form on hard drives, compact disks, zip disks, magnetic tapes or floppy disks;

C.  <u>Seize</u> any merchandise and items including but not limited to television sets, video cameras, video games, music CDs, DVDs, digital photo cameras, portable fans, and clothing, and other electronic equipment matching the description of items purchased through the use of the Government Purchase Card, including, but not limited to:

   1.  Electronics that can be identified as an Ölevia 32" Widescreen LCD HDTV/Monitor Combo (mode # 432V); Ölevia, 23" LCD Monitor; ViewSonic 20" Widescreen Digital/Analog LCD Monitor, Black, model # VX2035wm; 27" Samsung Slimfit HD TV, model TXS2782H; Sony Cyber Shot-H Digital Camera; Sony Cyber Shot H-1 Digital Camera; Kodak PH-160 Media Digital Camera; Kodak Easyshare PR Digital Camera; Kodak Easyshare Z6 Digital Camera; Kodak PH-40 Printer Dock Media Kit; Kodak Printer Dock Series 3, model Z650; Kodak Z740 with printer; Nikon D50 SLR Digital Camera; Canon Rebel XTI Digital SLR Digital Camera; Canon Powershot S2 Digital Camera;  Thumb Drive, USB, Micro Cruzer, 1GB; SanDisk 1 GB SD Card;  Memorex 1GB Travel Drive™ USB Flash Drive; HP C8061X Black Printer Toner; V-tech 2.4 GHZ Cordless Telephone; Sharp XE-A102 Cash Register; Holmes Brand Tower Fan; Office Depot® Brand Tower Fan With Remote Control; 40-Inch Wind Tower Fan; Hoover Vacuum Cleaner; Tracfone Cellular Phone; Trutech DVD Recorder; T-Mobile Cellular Phone; Disney Cars TV/DVD Combo; Kawasaki 9" Universal LCD Monitor; Timex T610S Watch; Sony MHCEC50 Mini-Bookshelf Music

      System; Wow Wee Roboraptor Robotic Dinosaur; Fisher Price Motorized T-Rex (Green); Transformers Cybertron (mechanical toy); Playstation 2 Hardware System; Trutech Dual Deck DVD/VCR; XBox 360 Video Games; and 5K BTU Air Conditioner.

2. Furniture that can be identified as a Global Airflow Leather Mesh-Back Chair; Posturamic 5/0 3-Piece Mattress Set; 1550 Obsession Linen Sectional; a Demetrio five-piece dining room set; and an Imperial 2-Piece Mattress Set.

3. Clothing identified as a Kenneth Cole Reaction Men's Black Leather Jacket, size extra-large; and Merona Brand Men's Suits, Ties, Pants, Blazers, and Shirts.

4. The following DVD movie titles: Basic Instinct 2; Madea Goes to Jail; WWE Extreme Championship Wrestling '06; The Grudge 2 (Exclusive); Deadbirds; She's the Man; The Matrix (Full Frame); Cheaper by the Dozen; Two Brothers; Chucky Killer Collection; American Haunting; Justice League Unlimited, Season 1, Batman Beyond, Season 2; Monster House; Riddick Trilogy; Dragon Ball Series; Madea's Family Reunion; Big Momma's House; Stealth; Constantine; Underworld - Evolution; Passion of the Christ; National Treasure; Serenity (Widescreen); Hellboy; Pirates of the Caribbean; Taking Lives; Superman - The Animated Series; Pulse; Pink Panther; Garfield the Movie; Tyler Perry Collection; Bad Santa; Toy Story 2; V for Vendetta; The Shaggy Dog; Silent Hill; Shark Tale; Finding Nemo; The Breakup; and Over the Hedge.

5. The following music CDs: Temptations Gold; Isley Brothers Baby Makin' Music CD; Justin Timberlake – Future Sex/Love Sounds; Dem Franchize Boyz; Lady Sings the Blues;

6. Gift cards from Staples, Office Depot, Wal-Mart, Target, Visa, and American Express.

D. <u>Seize</u> any lease materials, rental applications, title documents, mail matter, photographs, or other evidence tending to establish the owner(s), occupant(s), and resident(s) of the premises described in Attachments A1 and A2.